# Commonwealth ex rel. *v.* American Trust Company.

*Trust companies—Insolvency—Distribution of assets—Deposits —Act of May 8, 1907, P. L. 192—Checks.*

Checks drawn on a trust company by depositors therein, presented for payment to the trust company by the holders, accepted, charged against the accounts of the drawers, and the trust company's check on another bank given in exchange therefor, are not deposits within the meaning of the Act of May 8, 1907; and if the trust company becomes insolvent such checks have no preference as deposits.

Argued May 16, 1912.  Appeals, Nos. 10, 11, 12, 13, 14,

15 and 24, by Franklin National Bank, Fourth Street National Bank, Corn Exchange National Bank, Manufacturers' National Bank, Merchants' National Bank, First National Bank and Northwestern National Bank, all of Philadelphia, from order of C. P. Dauphin Co., No. 840, Commonwealth Docket, 1909, dismissing exceptions to auditor's report in case of Commonwealth ex rel. M. Hampton Todd v. American Trust Company. Before BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of Edward E. Beidelman, Esq., and Ziba T. Moore, Esq., auditors, appointed to distribute the assets of the American Trust Company insolvent.

KUNKEL, P. J., filed the following opinion:

Exceptions of the Franklin National Bank, the Corn Exchange National Bank, the Fourth Street National Bank, the Bank of North America, the Manufacturers' National Bank, the Market Street National Bank, the Philadelphia National Bank and the Northwestern National Bank to the auditors' report.

2. These exceptants complain of the refusal of the learned auditors to permit them to share in the assets of the insolvent trust company as depositors. The auditors permitted them to participate in the distribution, but did not allow them the preference given to deposits by the Act of May 8, 1907, P. L. 192. The exceptants were holders of checks drawn on the trust company by depositors therein, which they presented to the trust company for payment. The company accepted the checks, charged them against the depositors' accounts, and gave the exceptants its own checks on another bank in exchange therefor. This transaction, the exceptants contended before the auditors, made them depositors in the trust company within the meaning the Act of Assembly of May 8, 1907, P. L. 192, which fixes the order of distribution of the estates of insolvent trust compa-

nies and directs that the deposits therein shall be first paid. The auditors refused to take this view of the case and to allow the exceptants to participate in the distribution with the other depositors. In this we think they were right.

The word "deposits" is not only used in the Act of 1907, under which a claim for preference is here made, but is also used in the Act of Assembly of May 23, 1876, P. L. 161, which provides for the order of distribution of the estates of insolvent banks. The word "depositors" is also used in the Banking Act of April 16, 1850, P. L. 477, and a preference is given to depositors by that act. We think the terms "deposits" and "depositors," as used in these acts, must be given their popular meaning. We so held as to the term "deposits" in the Acts of 1876 and 1907 in disposing of exceptions filed to this same report by the Fidelity Title and Trust Company and Dwight Harrison, and Parkesburg Bank's App., 6 W. N. C. 394, is practically to the same effect as to the term "depositors" in the Act of 1850. The court in that case refused to treat the appellant as a depositor in the Brandywine Bank within the meaning of the Act of 1850, although it had money in the custody of the insolvent bank collected by the insolvent bank upon checks transmitted to it by the appellant, the Supreme Court saying, in affirming that decision: "The balance due to the Parkesburg Bank was simply the result of mutual accounts between it and the Bank of Brandywine. The notes, drafts and checks charged and credited, were merely in the current of their mutual dealings, and when credited did not constitute a deposit in the proper sense of the term as used in the Bank Acts. A depositor meant to be preferred is one who places his money in deposit for safe-keeping, to be paid out on demand upon his checks or drafts therefor. His relation is one of confidence or trust, depending on the faith that his money will always be forthcoming when he needs it.......Such transaction differs wholly from the transaction of banks and bankers deal-

ing with each other, by way of collections for each other, contained in running accounts of debts and credits. Such transactions are not deemed deposits in a proper sense."

It is contended by counsel for the exceptants in quite a lengthy brief, which has been filed with us, that the exceptants are depositors and their claims deposits under the authority of The Girard Bank v. The Bank of Penn Township, 39 Pa. 92, in which case it was held that one who presents a check on a bank and has it marked "Good" is a depositor and the sum represented by the check is a deposit. It is argued in the present case that the exceptants having presented the checks of the depositors to the trust company, the charging of them against the respective depositors' accounts was equivalent to a certificate that the checks were good, and therefore the holders thereof were in the position of depositors. The fallacy of this contention is that there was nothing in the transaction with the trust company that indicated any intention on the part of the exceptants to deposit the amounts due them on the several checks nor anything to indicate that the trust company intended to receive the amounts as deposits. In the case of The Girard Bank v. The Bank of Penn Township, all the circumstances indicated an intention on the part of the holder of the check who had it marked "Good" to leave the amount due thereon in the custody and care of the bank upon which it was drawn. There was no demand for payment of the check in that case. On the other hand, it was marked "Good." As was said in that case, "Presenting a check and having it thus certified, is clearly not a demand for the money deposited. Its purposes is not to demand payment, but to obtain evidence that the sum mentioned in the check remains on deposit to answer the check when presented. It contemplates that the bank is still to retain the custody of the money." It will thus be seen that the circumstances surrounding the transaction in that case showed an intention on the

part of the holder of the check to leave the money due on the check in the care and custody of the bank, while the circumstances of the case before us show that the intention of the exceptants was to receive payment. They presented the checks to the trust company and received from it its own check on another bank, all of which indicated an intention to withdraw the fund, rather than to leave it in the custody of the bank. Under these circumstances it cannot well be contended that the exceptants deposited or had a deposit in the trust company at the time it failed.

Under the view we take of the case, it makes no difference whether the exceptants made claim upon the checks of the depositors or upon the checks of the trust company. All the circumstances showed there was no intention to leave the money due on the checks in the custody of the trust company for safe keeping or for any other purpose. Interpreting the word "deposits" in the Act of 1907 in its popular sense, we are satisfied the auditors made no mistake in coming to the conclusion they reached. The exceptants' claims were not deposits within the meaning of the word "deposits" as used in the Act of May 8, 1907. They were not entitled, therefore, to the preference given deposits by that act. The exceptions are overruled.

And now, February 28, A. D. 1912, the report of the auditors is confirmed and distribution is directed to be made in accordance therewith.

Exceptants appealed.

*Errors assigned* were in dismissing exceptions to auditor's report.

*George Douglas Hay* and *Thomas DeWitt Cuyler,* for appellant, Franklin National Bank of Philadelphia.

*James McMullan* and *H. Gordon McCouch,* for appel-

lants, Fourth Street National Bank and Corn Exchange National Bank of Philadelphia.

*John Arthur Brown* and *Henry P. Brown,* for appellant, Manufacturers' National Bank of Philadelphia.

*Nathan M. Griffith, Henry T. Dechert* and *Lyman D. Gilbert,* for appellant, Merchants' National Bank of Philadelphia.

*Nathan M. Griffith, Henry T. Dechert* and *Lyman D. Gilbert,* for appellant, First National Bank of Philadelphia.

*Ruby R. Vale,* for appellant, Northwestern National Bank, of Philadelphia.

*Paul A. Kunkel* and *Fell & Spalding,* for appellee.

PER CURIAM, May 22, 1912:

Each of these appellants, in presenting its claim before the auditors appointed to distribute the fund in the hands of the receiver of the American Trust Company, was but the holder of a check issued by that institution. No one of them had a "deposit" with it in the popular or legal sense of the term, and no one of them was an equitable assignee of a deposit with it. The disallowance of the claims of the appellants as depositors is affirmed on the opinion of the learned president judge of the court below confirming the report of the auditors.